CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

August 16, 2024

LAURA A. AUSTIN, CLERK
BY:
s/A. Beeson
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **DARIUS LEE FORAN, Sr.,** | ) | |
| Petitioner | ) | **Case No. 7:23-cv-00556** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **CHADWICK S. DOTSON,** | ) | |
| | ) | **By: Michael F. Urbanski** |
| Respondent | ) | **Senior United States District Judge** |

### MEMORANDUM OPINION

On August 8, 2023, Darius Lee Foran, Sr., a Virginia inmate proceeding <u>pro se</u>, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2018 conviction in the Circuit Court of Washington County, Virginia, on ten counts of possession of child pornography in violation of Va. Code §§ 18.2-374.1:1. ECF No. 1. The respondent filed a motion to dismiss on October 16, 2023. ECF No. 10. For the reasons stated below, the court **GRANTS** respondent's motion to dismiss and **DISMISSES** Foran's application for habeas corpus relief.

### I. Background

On March 16, 2018, Foran entered an open plea of guilt to ten counts of possession of child pornography, second offense. Conviction Order in <u>Commonwealth v. Darius Lee Foran</u>, ECF No. 10-1 at 1–2. On August 3, 2018, Foran was sentenced to 10 years on each count, for a total of 100 years, with 80 years suspended. <u>Id.</u> at 3–6.

Foran filed a direct appeal, arguing that the court abused its discretion when it sentenced the 52-year-old Foran to a total active sentence of 20 years in prison and refused a motion suspend or modify a portion of the 20-year active sentence to allow him to participate

in psychotherapy or a sex offender treatment plan. Appellant's Brief, ECF No. 10-2 at 5–22. On May 22, 2019, the Circuit Court of Washington County denied the appeal. Order, ECF No. 10-2 at 43–47. On June 13, 2019, Foran filed a notice of appeal with the Supreme Court of Virginia. Id. at 48–49. On November 15, 2019, the Virginia Supreme Court refused the petition for appeal. ECF No. 10-3.

On December 27, 2021, Foran filed an application for habeas corpus relief in the Circuit Court of Washington County. He alleged that he had received ineffective assistance of counsel; the cumulative prejudice caused by errors in his case warranted a new trial; the search warrant was defective; the chain of custody was broken; and there was a Brady/Giglio violation.[1] ECF No. 10-6 at 4–16. The government filed a motion to dismiss the application on March 29, 2022. ECF No. 10-7 at 1–23. On July 7, 2022, the state court denied Foran's application for habeas relief. The reasons given for the denial were that the state habeas petition was untimely under Va. Code § 8.01-654(A)(2), several of the claims were not cognizable in a habeas petition and had been waived by the guilty plea Foran entered, and Foran did not receive ineffective assistance of counsel. ECF No. 10-8. Foran appealed the denial of habeas relief to the Supreme Court of Virginia and on July 24, 2023, the court refused the petition for appeal. ECF No. 10-9.

Foran filed the pending petition in this court on August 21, 2023, ECF No. 1-1, and makes the following arguments:

(1) He received ineffective assistance of counsel when his attorney

(a) failed to object to trial court errors;

---

[1] See Brady v. Maryland, 373 U.S. 83 (1963) and United States v. Giglio, 405 U.S. 150 (1972).

(b) proffered false promises made by the prosecution as facts;

(c) never appealed erroneously denied pre-trial motions and failed to preserve the issues for appeal;

(d) failed to incorporate legal reasoning or law in the appellate brief;

(e) failed to pursue Brady/Giglio violations;

(f) failed to object to the blank, missing, and duplicate affidavits used to obtain the search warrant in his case; and

(g) had a conflict of interest in that he was seeking employment in the Smyth County prosecutor's office at the same time he was representing Foran in Washington County;

(2) Foran was subject to an illegal search and seizure by law enforcement based on the following:

(a) the affidavits in support of the search warrant were blank, duplicates, or factless;

(b) law enforcement officers lied under oath;

(c) the search warrants were overly broad and contained no specifics; and

(d) no illegal items were found in the first two searches;

(3) The chain of custody in the case was broken and law enforcement tampered with the evidence in the case; and

(4) Foran was subject to Brady/Giglio violations.

In the Commonwealth's motion to dismiss, it argues that (1) Foran's petition is time-barred; (2) his claims are procedurally defaulted; and (3) his claims fail on the merits. Mot. to Dism., ECF No. 10.

## II. Analysis

### A. Timeliness of Claim

A prisoner seeking federal habeas corpus relief must file a petition within the one-year statute of limitations period, which runs from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Following state court review, if a petitioner does not seek a writ of certiorari from the United States Supreme Court, the one-year period of limitations begins to run on the date the period for seeking review with the Supreme Court expires. Gonzalez v. Thaler, 565 U.S. 134, 150 (2012).

In Foran's case, the Supreme Court of Virginia refused his petition for appeal on November 15, 2019. He did not seek a writ of certiorari with the United States Supreme Court, meaning that the limitations period in his federal habeas case began to run 90 days later, or on February 13, 2020. See Rule 13(1) of the Rules of the Supreme Court (setting out 90-day time limit for filing petition for writ of certiorari). With a start date of February 13, 2020, the statute of limitations for Foran to file his federal habeas petition expired on February 13, 2021.

Hernandez v. Caldwell, 225 F. 3d 435, 438–39 (4th Cir. 2000). Foran did not file his petition in this court until August 21, 2023, more than 17 months after the deadline passed.

The one-year deadline for filing is suspended during the pendency of a properly filed state habeas case. Foran's state habeas petition was pending from December 27, 2021, through July 7, 2022. However, because the state habeas petition was not filed until after the one-year federal deadline had passed on February 13, 2021, and was rejected by the state habeas court as untimely, the state habeas case did not toll the deadline. See Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005) ("Because the state court rejected petitioner's [state habeas] petition as untimely, it was not "properly filed," and he is not entitled to statutory tolling under § 2244(d)(2)"); Kanupp v. Piedmont Correctional Institute, 583 F. App'x 245, 246 (4th Cir. 2014) (per curiam) (finding petitioner's one-year federal habeas deadline was not tolled by state post-conviction action filed 18 months after deadline expired).

Foran argues that he is entitled to equitable tolling of the filing deadline because restrictions caused by the COVID-19 pandemic made him unable to file his state habeas claim in a timely manner. Mot., ECF No. 1 at 13. The one-year statute of limitations is subject to tolling in appropriate cases. Holland v. Florida, 560 U.S. 631, 645 (2010). A petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing.'" Id. at 649 (quoting Pace, 544 U.S. at 418). "'The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence.'" Justus v. Clarke, 78 F.4th 97, 105 (4th Cir. 2023), cert. denied sub nom. Dotson v. Justus, 144 S. Ct. 1096 (2024) (quoting Holland, 560 U.S. at 653) cleaned up).

> But any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000).

Foran argues that COVID-19 restrictions caused him to be unable to file his state habeas in a timely manner and in turn delayed the filing of his federal habeas petition. Mot., ECF No. 1 at 13. Foran does not describe the restrictions, explain for how long any restrictions were in place, or explain how the restrictions kept him from filing his state habeas on time. Nevertheless, the court will assume for purposes of this motion that because of COVID-19, Foran and his fellow inmates were on lockdown and did not have access to the law library for some period of time during the pandemic.

Generally, "'[t]ransfers between prison facilities, solitary confinement, lockdowns, restricted access to the law library, and an inability to secure court documents do not qualify as extraordinary circumstances.'" Egan v. Clarke, No. 3:23cv234(DJN), 2023 WL 7545230, at *4 (E.D. Va. Nov. 13, 2023) (quoting Allen v. Johnson, 602 F.Supp.2d 724, 727–28 (E.D. Va. 2009) and Warren v. Kelly, 207 F.Supp.2d 6, 10 (E.D.N.Y. 2002)). See also Burns v. Beck, 349 F.Supp.2d 971, 974 (M.D.N.C. 2004) (finding that prison conditions such as lockdowns are not normally grounds for equitable tolling); Rodgers v. Angelone, 113 F.Supp.2d 922, 931, n.9 (E.D. Va. 2000) (finding allegation that prison facility was on lockdown without further

explanation of how long the lockdown lasted or what efforts inmate made to file petition while on lockdown was insufficient to justify equitable tolling); and <u>Baldon v. Clarke</u>, No. 1:13cv893 (GBL/JFA), 2014 WL 12527174, at *2 (E.D. Va. Jan. 14, 2014) ("Assuming without deciding that a period of hospitalization would warrant equitable tolling, petitioner's argument regarding his hospitalization does not support equitable tolling because he provides no specific dates as to when he was hospitalized, released, or transferred, beyond saying he was hospitalized in May 2012.")

Regarding the equitable tolling of a deadline because of COVID-19, "'the COVID-19 pandemic does not automatically warrant equitable tolling for any petitioner who seeks it on that basis.'" <u>Day v. White</u>, No. 1:22-cv-2-MSN-IDD, 2022 WL 4585522, at *5 n.9 (E.D. Va. Sept. 29, 2022) (quoting <u>United States v. Henry</u>, No. 2:17cr180, 2020 WL 7332657, at *4 (W.D. Pa. Dec. 14, 2020)). A petitioner must show that he was pursuing his rights diligently and that the COVID-19 pandemic prevented him from filing his motion. <u>Id</u>. <u>See</u> <u>also</u> <u>Allen v. Ishee</u>, No. 1:23-cv-00128-MR, 2024 WL 150761, at *2 (W.D.N.C. Jan. 12, 2024) (denying equitable tolling based on COVID-19 because petitioner's claim was vague and conclusory and he failed to demonstrate that his untimely filing was directly related to COVID-19); <u>Stutler v. Ames</u>, No. 2:21-cv-00662, 2024 WL 1599153, at *8 (S.D.W.V. Jan. 12, 2024) ("Petitioner's blanket assertion that the COVID-19 pandemic limited or denied his access to the law library, standing alone, fails to establish extraordinary circumstances."); <u>Jones v. Clarke</u>, No. 2:22cv251, 2023 WL 6155277, at *6 (E.D. Va. July 7, 2023) (declining to find petitioner entitled to equitable tolling due to COVID-19 restrictions when he generally alleged that he was on lockdown

because of COVID-19 for nine months but offered no explanation for steps he took to pursue his rights once the lockdown was lifted).

In Foran's case, he has not explained how COVID-19 kept him from being able to file a timely state court habeas petition. The Supreme Court of Virginia refused his petition for appeal on November 15, 2019, and he could have filed his state habeas petition at that time, as COVID-19 restrictions were imposed in March 2020 at the earliest.[2] He does not explain why he did not file his petition prior to March 2020, at what point the prison facility was locked down or for how long it was locked down, or what efforts he made to file a habeas petition while the facility was locked down. Without doing so, the court cannot find that Foran is entitled to equitable tolling based on the pandemic. Accordingly, Foran's application for habeas relief in this court is **DISMISSED** as untimely.

### B. Procedural Default

In the alternative, all but one of Foran's claims are subject to dismissal because the state habeas court dismissed them as untimely and they are procedurally barred from review in this court.  The one claim that he did not present to the state habeas court—that his attorney provided ineffective assistance of counsel because he was applying for a job as a prosecutor in another district at the time he was representing Foran—is unexhausted. However, because it is now too late to bring that claim in a state habeas petition, it is deemed exhausted and procedurally barred.

Before a court may address a claim in a federal habeas petition, the petitioner must first have exhausted the claim in state court. 28 U.S.C. §§ 2254(b), (c); <u>Kasi v. Angelone</u>, 300 F.3d

---

[2] https://www.cdc.gov/museum/timeline/covid19.html (last viewed July 23, 2024).

487, 501 (4th Cir. 2002). A petitioner satisfies the exhaustion requirement by "fairly presenting" both the operative facts and the controlling legal principles to the state court. Id. (citing Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000) and Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997), overruled on other grounds by United States v. Barnette, 644 F.3d 192 (4th Cir. 2011)). Nevertheless, a claim that has not been presented to the highest state court may be treated as exhausted if the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court. Baker, 220 F.3d at 288.

Even when a petitioner presents his claims to a state court, a claim is procedurally barred if the state court dismisses the claim on a state procedural rule, which provides an adequate and independent ground for dismissal. "Where a state court clearly and expressly bases its dismissal of a habeas claim on a state procedural rule and that rule provides an independent and adequate ground for dismissal, the petitioner will have procedurally defaulted on that habeas claim." Kent v. Kuplinski, 702 F. App'x 167, 169 (4th Cir. 2017) (per curiam) (citing Breard v. Pruitt, 134 F.3d 615, 619 (4th Cir. 1998)).

In Foran's case, the Circuit Court of Washington County dismissed his application for habeas relief because it was untimely under the one-year limit for filing in state court, set out in Va. Code § 8.01-654(A)(2). ECF No. 10-8 at 5–6. "[A]s many courts have held, Virginia Code § 8.01–654(A)(2) constitutes an adequate and independent state-law procedural rule, as it is a statutory rule that is not tied to the federal Constitution." Baker v. Clarke, 95 F. Supp. 3d 913, 917–18 (E.D. Va. 2015). See also Trent v. Cabell, No. 7:22CV00224, 2023 WL 6060350, at *4 (W.D. Va. Sept. 18, 2023) ("This time limitation has long been recognized as an adequate and independent state ground for dismissal of a habeas claim ….") Because Foran

presented all but one claim to the state habeas court and the court dismissed them as time-barred, they are procedurally defaulted in this federal court as well. Foran's remaining claim regarding his attorney applying for a job as a prosecutor while he was representing Foran in this matter cannot now be filed in state court because it would be both successive and untimely and therefore is simultaneously exhausted and defaulted.

The state habeas court also found that Foran's claims based on his allegations that the search warrant was defective, the chain of custody was broken, and that he was subject to Brady-Giglio violations were not cognizable on habeas review because the claims could have been raised at trial or on direct review, citing in support Slayton v. Parrigan, 215 Va. 27, 29, 205 S.E.2d 680, 682 (1974)) ("A petition for a writ of habeas corpus may not be employed as a substitute for an appeal or a writ of error."). The Fourth Circuit has held that "'the procedural default rule set forth in Slayton constitutes an adequate and independent state law ground for decision.'" Dunaway v. Dir. of VA Dept. of Corr., 414 F. App'x 560, 561–62 (4th Cir. 2011) (per curiam) (quoting Mu'Min v. Pruett, 125 F.3d 192, 196 (4th Cir. 1997)). The state court's dismissal of these claims provides a further reason for finding the claims procedurally defaulted.

In addition, "[w]hen a procedural default bars litigation of a constitutional claim in state court, a state prisoner may not obtain federal habeas corpus relief absent a showing of cause and actual prejudice. Reed v. Ross, 468 U.S. 1, 11 (1984) (internal citations omitted). To show cause, a petitioner must show that some objective factor external to the defense impeded counsel's ability to raise the claim in state court at the appropriate time. Breard, 134 F.3d at 620. Although Foran stated that he was delayed in filing his state habeas petition by the

COVID-19 pandemic, as set forth above, his allegation is conclusory and not supported by the record. As Foran has made no showing of cause and prejudice for failing to properly bring his claim in state court, his claims are **DISMISSED** because they are procedurally defaulted.

### C. Merits of Ineffective Assistance Claims

### (1) Standard of Review

Even if Foran's claims of ineffective assistance of counsel were not time-barred, and even if he could overcome the procedural default, he would not be entitled to relief on the merits. The state habeas court addressed Foran's ineffective assistance of counsel claims on the merits and found that he failed to show that he had received ineffective assistance. A federal court may grant a petitioner habeas relief from a state court judgment if the petitioner is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). However, federal courts reviewing claims that have been adjudicated on the merits in the state court may grant relief on such a claim only if the state court's decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1)–(2). Further, the federal court must presume that the state court's factual findings are correct, and this presumption can be overcome only "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

When the last court to decide a state habeas petition does not give reasons for its determination, the federal habeas court must "look through" the unexplained decision to the last related state-court decision that provides a relevant rationale. Wilson v. Sellers, 584 U.S.

122, 125. The federal habeas court may "presume that the unexplained decision adopted the same reasoning." Id. In the instant case, the last state court to give a reasoned decision was the Circuit Court of Washington County. ECF No. 10-8.

### (2) Ineffective Assistance of Counsel

Criminal defendants have a Sixth Amendment right to effective legal assistance. Strickland v. Washington, 466 U.S. 668, 687 (1984). To establish that counsel's assistance was not reasonably effective, a defendant must satisfy a two-prong analysis: he must show both that (1) counsel's performance fell below an objective standard of reasonableness; and (2) he was prejudiced by counsel's alleged deficient performance. Id. at 669.

When considering the reasonableness prong of Strickland, courts apply a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. The court must judge counsel "on the facts of the particular case," and assess counsel's performance "from counsel's perspective at the time." Id. The reviewing court must not rely upon "the distorting effects of hindsight," but must presume that counsel's decisions and actions fell within the wide range of reasonable strategy decisions. Id. at 689–90. To satisfy the prejudice prong of Strickland, a petitioner must show that there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the proceeding would have been different. Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

Thus, when reviewing a state court's assessment of an ineffective assistance of counsel claim, federal review is "doubly deferential," because the deferential standard of review under the statute overlaps with the deferential standard under Strickland. Cullen v. Pinholster, 563

U.S. 170, 190 (2011). In other words, the federal court is to afford "both the state court and the defense attorney the benefit of the doubt." Burt v. Titlow, 571 U.S. 12, 15 (2013).

Because Foran pled guilty to the possession of child pornography charges, he can only allege ineffective assistance of counsel as it relates to the voluntariness of his guilty plea.

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of his constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in [McMann v. Richardson, 397 U.S. 759 (1970)].

Tollett v. Henderson, 411 U.S. 258, 267 (1973). "A guilty plea is valid if it 'represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" United States v. Moussaoui, 591 F.3d 263, 280 (4th Cir. 2010) (quoting North Carolina v. Alford, 400 U.S. 25, 31 (1970)). When looking at the constitutional validity of a guilty plea, "'courts look to the totality of the circumstances surrounding [it], granting the defendant's solemn declaration of guilt a presumption of truthfulness.'" Id. (quoting Walton v. Angelone, 321 F.3d 442, 462 (4th Cir. 2003)).

When a petitioner argues that he received ineffective assistance of counsel as part of a plea agreement, he must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

> [W]here the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error "prejudiced" the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change

> his recommendation as to the plea. This assessment, in turn, will
> depend in large part on a prediction whether the evidence likely
> would have changed the outcome of a trial.

Id. The petitioner "'must convince the court'" that the decision to go to trial "'would have been rational under the circumstances.'" United States v. Fugit, 703 F.3d 248, 260 (4th Cir. 2012) (quoting Padilla v. Kentucky, 559 U.S. 356, 372 (2010)). "[W]hat matters is whether proceeding to trial would have been objectively reasonable in light of all the facts." Id.

Foran alleges ineffective assistance of counsel at trial and on appeal. Regarding representation at trial, Foran contends that his attorney failed to object to trial court errors; proffered false promises made by the prosecution as facts; failed to pursue Brady/Giglio violations; failed to object to the blank, missing, and duplicate affidavits used to obtain the search warrant in his case, and had a conflict of interest in that he was seeking employment in the Smyth County prosecutor's office at the same time he was representing Foran in Washington County. Mot., ECF No. 1 at 16–18. It is presumed that Foran is arguing that he would not have pled guilty had his counsel not committed these alleged errors.

Foran argues that his attorney was ineffective on appeal when he failed to appeal erroneously granted pre-trial motions; failed to preserve issues for appeal; and failed to consult with Foran about possible issues for appeal.

**(a) Testimony at Guilty Plea**

The court first notes that Foran's allegations about his trial counsel are contradicted by the guilty plea questionnaire that Foran signed where he indicated, among other things, that he had had enough time to discuss with his attorney any possible defenses to the charges, had discussed with his attorney whether to plead guilty, was entering the guilty plea freely and

voluntarily and because he was in fact guilty of the crime, and was entirely satisfied with the services provided by his attorney. Guilty Plea Questionnaire, ECF No. 10-5.

At the guilty plea hearing, Foran testified under oath that he had read and signed the guilty plea questionnaire, that he understood the questions, and that he gave truthful answers to the questions. He further understood that he faced a maximum sentence of 100 years on the 10 counts. Guilty Plea Tr., ECF No. 10-4 at 4–7. Foran also stipulated that the Commonwealth could prove every element of the offenses that were before the court, exclusive of the ones the Commonwealth moved to dismiss, beyond a reasonable doubt. Id. at 8. The Commonwealth then summarized the evidence that it would present were the case to go forward to trial, and submitted evidence to the court in the form of a CD containing three edited jail calls that Foran had made to a friend asking him to remove computer equipment from his home and truck, evidence of Foran's prior conviction, a copy of the search warrant and a description of the items seized, and photos of non-contraband pictures of Foran and his family that were on a flash drive that also contained contraband. Id. at 8–11. Foran's specific objections will be addressed below.

**(b) Failure to Object to Trial Court Errors**

Foran argues that his attorney provided ineffective assistance when he failed to object to and preserve for appeal errors made by the court at trial. However, he did not point to errors made by the trial court that his attorney failed to preserve for appeal. "At all times, the petitioner is responsible for identifying the allegedly deficient performance that the federal court is to review." Folkes v. Nelsen, 34 F.4th 258, 268 (4th Cir. 2022), cert. denied, 143 S. Ct. 736, 214 L. Ed. 2d 386 (2023). Conclusory allegations are insufficient to establish ineffective

assistance of counsel. <u>Miller v. Hardee</u>, No. 5:12-HC-2294-FL, 2014 WL 585128, at *5 (E.D.N.C. Feb. 14, 2014).

Despite Foran's lack of specificity in his pleadings both in this court and before the state habeas court, during the state habeas proceeding, the Commonwealth submitted an affidavit by Foran's counsel, James H. Preas, III, in which he disputed each claim of ineffective assistance of counsel and explained why he made the decisions he made. Regarding his alleged failure to object to errors by the trial court, Preas explained that he made objections related to many issues in Foran's case and declined to object to other issues where he did not believe he had a good-faith basis to make the objection. Affidavit of James H. Preas, III, ECF No. 10-7 at 51–52. Given that Foran did not specify any trial court errors to which Preas should have objected but did not, or how the alleged errors caused him to plead guilty when he otherwise would have proceeded to trial, the court finds that the state habeas court's determination that Preas provided effective assistance of counsel in this regard is not contrary to clearly established federal law and was a reasonable determination of the facts in light of the evidence presented.

### (c) Proffer of False Promises by Prosecutor Presented as Fact

Foran also alleges that his attorney proffered false promises made by the prosecution as facts. The Sixth Amendment right to counsel extends to the plea bargain process. <u>Lafler v. Cooper</u>, 566 U.S. 156, 162 (2012). A defendant must show that counsel's performance fell below an objective standard of reasonableness and must also show that the outcome of the plea process would have been different with competent advice. <u>Id.</u> at 164. "In evaluating prejudice, courts may not rely solely on '<u>post hoc</u> assertions from a defendant about how he

would have pleaded but for his attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences.'" <u>United States v. Gaver</u>, No. 21-7553, 2023 WL 5275165, at *1 (4th Cir. 2023) (quoting <u>Lee v. United States</u>, 582 U.S. 357, 369 (2017)).

Foran asserts that his attorney told him that he had no viable options but to enter the open plea, that Preas gave Foran fifteen minutes to make the decision whether to plead guilty or go to trial, and that Preas did not tell him that he could have withdrawn the plea prior to sentencing. Mot., ECF No. 1 at 16. In response, Preas stated that he did not recall the Commonwealth making any promises other than that it would reduce the charges from fifty counts to ten if Foran pled guilty. Preas Aff., ECF No. 10-7 at 52, 55. In addition, Preas stated that he met with Foran a total of twenty-four times while Foran was incarcerated at the New River Valley Regional Jail in Dublin, Virginia, and the Southwest Virginia Regional Jail in Abingdon, Virginia. <u>Id.</u> at 52. Preas stated that he and Foran discussed the risks and benefits of going to trial versus pleading guilty "for hours and on multiple occasions" while Foran was incarcerated in Abingdon. Preas further points out that the court explained to Foran at the guilty plea hearing that it was not bound by the sentencing guidelines, that it could sentence him up to the statutory maximum sentence of 100 years, and that it was unlikely that the court would allow Foran to withdraw his plea if something came out in the pre-sentence investigation report that changed the guideline. <u>Id.</u>; Tr. of Guilty Plea, ECF No. 10-4 at 7–8. Based on Preas' affidavit and the transcript from the guilty plea hearing, the court finds that Preas did not provide ineffective assistance of counsel when advising Foran of the plea offer presented by the Commonwealth. Rather, the record shows that Preas adequately advised

Foran about his alternatives and that Foran's guilty plea was made in a voluntary and intelligent manner from the choices presented.

### (d) **Brady/Giglio Material**

Foran further alleges that his attorney failed to pursue Brady/Giglio violations which were brought to Preas' attention while Foran's case was pending. Foran did not explain the nature of the Brady/Giglio violations or explain how they affected his decision to plead guilty.

In the state habeas case, Preas explained that he received a Brady/Giglio packet regarding an officer in the Washington County Sheriff's office, was informed about the nature of the misconduct committed by the officer, and spoke to the officer briefly. Preas determined that the misconduct by the officer occurred in a separate matter, and even though the disclosure had some probative value in Foran's case, it was not dispositive and "potentially not legally relevant" as it related to Foran's remaining charges. Preas could not give Foran a copy of the Brady-Giglio packet because the Commonwealth's attorney did not provide one for dissemination. Preas Aff., ECF No. 10-7 at 53. Preas also explained that he argued to the court that the only reason the Commonwealth wanted to dismiss a firearms charge against Foran was because the officer at the heart of the Giglio/Brady issue had conducted the search of Foran's home. Id. Preas had also elicited testimony in an earlier pretrial motions hearing that the officer in question had not handled flash drives that were central to the Commonwealth's case. Id. at 54. Based on this record, Preas acted in a reasonably professional manner with regard to the Brady/Giglio material when he investigated the issues and determined that pursuing the matter further was not warranted in Foran's case.

**(e) Validity of Affidavits**

Foran next alleges that his attorney failed to object to blank, missing, and duplicate affidavits used to obtain the search warrant in his case. Mot., ECF No. 1 at 18. Preas explained that although the officer did cut and paste some "general, pre-prepared material" into his affidavit, in Preas' opinion the affidavits were complete with regard to probable cause upon which the officer relied to obtain the search warrants. The affidavits did not appear overly broad, and they contained limitations on items to be seized. Preas Aff., ECF No. 10-7 at 54. Preas further stated that he argued at the suppression hearing that the officer purposefully presented misleading information in the affidavit, but the trial court did not find the statements were purposefully misleading or that he had acted in bad faith. Id. Based on the record, the court finds that Preas provided effective assistance of counsel with regard to the affidavits provided by the officer in Foran's case.

**(f) Attorney Accepting Job in Prosecutor's Office**

Foran's claim that his attorney had a conflict of interest because he was seeking a job as a prosecutor in another county also is without merit. A necessary corollary to the Sixth Amendment right to counsel is the right to counsel that is free from a conflict of interest. Fullwood v. Lee, 290 F.3d 663, 688–89 (4th Cir. 2002). "Generally, to prevail on a conflict claim, a defendant must 'establish that (1) an actual conflict of interest (2) adversely affected his lawyer's performance.'" United States v. Purpera, 844 F. App'x 614, 620 (4th Cir. 2021) (per curiam) (quoting United States v. Dehlinger, 740 F.3d 315, 322 (4th Cir. 2014)).

If a case involves a per se violation of the Sixth Amendment, a showing of adverse effect is not necessary and the conviction must be reversed. Id. at 621. In United States v.

Cronic, 104 S.Ct. 2039, 2047 (1984), the Supreme Court set out three categories of per se violations: (1) the complete denial of counsel; (2) failure by counsel to subject the prosecution's case to meaningful adversarial testing; and (3) where "the likelihood that any lawyer, even a fully competent one, could provide effective assistance is so small that a presumption of prejudice is appropriate." These conditions are not met in Foran's case because his attorney advocated for Foran in pre-trial matters and, according to the guilty plea transcript, advised him about his options regarding whether to plead guilty or go to trial. Moreover, nothing in the file indicates that that there was a likelihood in this case that no lawyer could have provided effective assistance in the circumstances of Foran's case.

In the absence of a per se violation, in order to show that a conflict of interest violated his Sixth Amendment right to counsel, a defendant must (1) identify a plausible defense strategy or tactic that his attorney might have pursued; (2) show that the alternative strategy or tactic was objectively reasonable under the facts known to the attorney at the time the tactical decision was made; and (3) show that the defense counsel's failure to pursue the strategy or tactic was linked to the actual conflict. Purpera, 844 F. App'x at 620–21.

Foran was convicted in the trial court on August 3, 2018, and on November 15, 2019, the Virginia Supreme Court refused the petition for appeal. Preas informed Foran by letter dated February 4, 2020, that he had recently accepted a job in the Scott County Commonwealth's Attorney Office and could no longer represent Preas with any matters, questions, or concerns with his case. Letter, ECF No. 19-2 at 10. Foran alleges that Preas "began campaigning" for a job in Scott County while he was representing Foran in

Washington County.[3] Foran presents no evidence of when Preas began seeking employment in Scott County and does not explain why seeking such employment would have presented a conflict of interest based on the criteria described in Purpera. As Foran's assertion is a conclusory allegation with no support in the record, it must be **DENIED**.

### (g) Ineffective Assistance of Appellate Counsel

Finally, Foran also alleges that Preas was ineffective because he did not appeal pre-trial motions that were incorrectly denied, did not preserve the pre-trial issues for appeal, did not consult with Foran about the appeal, and did not include any legal reasoning or authority in the appeal he did file. Mot., ECF No. 1 at 5, 17. Claims of ineffective assistance apply to representation provided to a defendant on appeal, and they are examined under the same Strickland standards applicable to claims of ineffective assistance by trial counsel. Evitts v. Lucey, 469 U.S. 387, 396–97 (1985); Smith v. Robbins, 528 U.S. 259, 285 (2000). That is, "[t]o establish defective performance, the petitioner must demonstrate that counsel's representation 'fell below an objective standard of reasonableness' judged by 'prevailing professional norms.'" Cole v. Branker, 328 F. App'x 149, 158 (4th Cir. 2008) (unpublished) (quoting Strickland, 466 U.S. at 688).

However, counsel need not raise every colorable claim on appeal. Cole, 328 F. App'x at 158–59 (citing Jones v. Barnes, 463 U.S. 745, 754 (1983)). "Rather, counsel has some latitude to 'decide what issues are to be pressed' on appeal." Id. (citing Jones, 463 U.S. at 751, 754). In addition, an appellate attorney is entitled to a presumption that he decided which issues were

---

[3] Foran stated that Preas was seeking employment in Smyth County, ECF No. 1 at 18, but the court presumes he meant Scott County.

most likely to afford relief on appeal. Pruett v. Thompson, 996 F.2d 1560, 1568 (4th Cir. 1993). "'Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome.'" Smith, 528 U.S. at 288 (quoting Gray v. Greer, 800 F.2d 644, 646 (7th Cir. 1986)).

In this case, Foran did not identify the "failed motions" he believed Preas should have preserved for appeal and his failure to do so dooms his claim that his attorney was ineffective, based either on the issue he chose to appeal, or on the way he briefed the issue. Without describing the alleged "failed motions," the court is unable to address them. Folkes, 34 F.4th at 268.

Moreover, in the affidavit filed with the state habeas court, Preas explained that some of the motions in limine he filed were taken under advisement by the court pending trial, while others were granted or conceded by the Commonwealth. Preas also filed a motion to suppress evidence obtained by a search warrant that he believed was faulty, but after the testimony from the officer who executed the search warrant and the holding of the court, Preas determined that the warrant was most likely sufficient and he decided not to pursue the denial of the motion to suppress on appeal. Preas Aff., ECF No. 10-7 at 1–2. Preas further pointed out that he appealed the only ground that remained after Foran pled guilty—that the trial court abused its discretion at sentencing. In the absence of specific grounds for appeal that Foran believes Preas forfeited, and in light of Preas' explanation about why he did not appeal the motion to suppress, the court finds that Preas exercised reasonable professional judgment in making the decisions he made regarding grounds for appeal and otherwise provided effective assistance of counsel.

### III. Certificate of Appealability

When issuing a final order adverse to a § 2254 petitioner, the court must issue or deny a certificate of appealability. Fed. R. Gov. § 2254 Cases 11(a). A certificate of appealability may issue only if the movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The movant must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 338 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000). In the context of a procedural ruling, the movant must demonstrate both that the dispositive procedural ruling is debatable and that the action states a debatable claim of the denial of a constitutional right. Gonzalez v. Thaler, 565 U.S. 134, 140–41 (2012). Foran has not made either showing.

### IV. Conclusion

As set forth above, the court **DISMISSES** Foran's habeas petition, ECF No. 1, because his claims are untimely and procedurally barred, and because he has otherwise failed to show that he is incarcerated in violation of the Constitution. The court **GRANTS** the government's Motion to Dismiss, ECF No. 8. In addition, the court **DENIES** a certificate of appealability.

An appropriate order will be entered.

It is so **ORDERED**.

Entered: August 16, 2024

Mike Urbanski
Senior U.S. District Judge
2024.08.16 13:40:28
-04'00'

Michael F. Urbanski
Senior United States District Judge

23